IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

    **Plaintiff,**

    v.                                        CASE NO. 20-3091-SAC

DOUGLAS COUNTY JAIL, et al.,

    **Defendants.**

## O R D E R

Plaintiff, Joseph Lee Jones, who is currently detained at the Douglas County Jail in Lawrence, Kansas, brings this civil rights case against the Douglas County Jail Administrators, Medical Staff and Director of Nursing, and the Douglas County Board of County Commissioners. On March 27, 2020, the Court entered an Order (Doc. 4) denying Plaintiff's motion for leave to proceed in forma pauperis, finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court also examined the Complaint and attachments, and found no showing of imminent danger of serious physical injury. This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 6).

Plaintiff argued previously that the general threat of being exposed to Covid-19 placed him in imminent danger of serious physical injury. Plaintiff failed to show that he was at any greater risk than the inmate population in general or the general public. In his motion for reconsideration, Plaintiff argues that the Court should order the jail to release all inmates due to Covid-19, and to allow inmates to use "jail rags" to make masks.[1]

---

[1] In his supplement (Doc. 5) Plaintiff suggests that all inmates should be released and if they survive Covid-19 they can be recharged and continue their sentences where they left off. Plaintiff has also filed a motion for preliminary injunction (Doc. 3) seeking an order requiring the jail to provide inmates with masks.

1

Local Rule 7.3 provides that "[p]arties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed" and the "motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b).

Plaintiff has failed to present any of the grounds warranting reconsideration as set forth in Local Rule 7.3. Plaintiff has not set forth an intervening change in controlling law or the availability of new evidence. Plaintiff has not set forth the need to correct clear error or to prevent manifest injustice. Plaintiff's motion for reconsideration is denied.

The Court's Order at Doc. 4 provides that Plaintiff must submit the $400.00 filing fee by April 10, 2020. The Order also states that the failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice. The Court will grant Plaintiff an extension of time to submit the filing fee.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 6) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 23, 2020,** to submit the $400.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated April 7, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**