# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

      **Plaintiff,**

      v.                               **CASE NO. 20-3091-SAC**

DOUGLAS COUNTY JAIL, et al.,

      **Defendants.**


## ORDER

Plaintiff, Joseph Lee Jones, who is currently detained at the Douglas County Jail in Lawrence, Kansas, brings this civil rights case against the Douglas County Jail Administrators, Medical Staff and Director of Nursing, and the Douglas County Board of County Commissioners. On March 27, 2020, the Court entered an Order (Doc. 4) denying Plaintiff's motion for leave to proceed in forma pauperis, finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court also examined the Complaint and attachments, and found no showing of imminent danger of serious physical injury. Plaintiff filed a motion for reconsideration (Doc. 6), which the Court denied on April 7, 2020. (Doc. 7.) The order directed Plaintiff to submit the $400.00 filing fee by April 23, 2020.

On April 9, 2020, Plaintiff filed a Notice of Interlocutory Appeal (Doc. 8) regarding the denial of his first motion for reconsideration, and another Motion for Reconsideration (Doc. 9).

The Court's ruling on Plaintiff's motions does not warrant certification of an interlocutory appeal. The Tenth Circuit Court of Appeals has jurisdiction to hear appeals only from "final decisions" of district courts. *Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL

5427783, at *1 (D. Kan. Dec. 31, 2008) (citing 28 U.S.C. § 1291). "In light of this statutory limitation, interlocutory appeals are the exception and not the rule." *Id.* (citing *Myers v. Oklahoma Cty. Bd. of Comm'rs.*, 80 F.3d 421, 424 (10th Cir.), *cert. denied*, 519 U.S. 963 (1996) (citing *Johnson v. Jones*, 515 U.S. 304, 308 (1995)); *see also Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so.").

An interlocutory appeal must be evaluated under 28 U.S.C. § 1292(b), which provides for appeals from interlocutory decisions in very limited circumstances. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Certification of interlocutory appeals is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Larson-White*, 2008 WL 5427783, at *1 (citing *State of Utah By and Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.) (citing S. Rep. 2434, 1958 U.S.C.C.A.N. at 5262), *cert. denied*, 513 U.S. 872 (1994)).

The Court does not find that an immediate appeal from the Court's non-dispositive order could materially advance the ultimate resolution of this matter. The Court's ruling does not involve a controlling question of law as to which there is substantial ground for difference of opinion. Therefore, the Court declines to order certification of this case for interlocutory appeal.

The Court denied Plaintiff leave to proceed in forma pauperis at the district court level and Plaintiff has not satisfied the district court filing fee prerequisite. As a three-strikes litigant, he is likewise not entitled to appeal without prepaying the appellate filing fee unless he shows imminent danger arising from the allegations raised in his Complaint or this appeal. The Court finds that Plaintiff has not shown imminent danger as set forth in the Court's Order at Doc. 4. Therefore, the Court also denies Plaintiff leave to appeal in forma pauperis. Section 1915(g) prohibits a three-strikes prisoner from bringing a civil action or appeal "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Plaintiff has not shown that he meets the only exception set forth in § 1915(g), the Court denies leave to appeal in forma pauperis.

The Court also denies Plaintiff's second motion for reconsideration for the reasons set forth in the Court's Order at Doc. 7.

The Court warns Plaintiff that this matter is not automatically stayed by an interlocutory appeal. Thus, the time set by the Court for Plaintiff to pay the district court filing fee in full or suffer dismissal of this case in unchanged.

**IT IS THEREFORE ORDERED** that the Court declines to certify Plaintiff's interlocutory appeal (Doc. 8), and denies Plaintiff leave to proceed without prepayment of fees on appeal.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 9) is denied.

**IT IS SO ORDERED**.

**Dated April 10, 2020, in Topeka, Kansas.**


                                         **s/ Sam A. Crow**
                                         **SAM A. CROW**
                                         **U. S. Senior District Judge**