**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JOSEPH LEE JONES,**

    **Plaintiff,**

    v.                                          **CASE NO. 20-3091-SAC**

**DOUGLAS COUNTY JAIL, et al.,**

    **Defendants.**

**ORDER**

Plaintiff, Joseph Lee Jones, who is currently detained at the Douglas County Jail in Lawrence, Kansas, brings this civil rights case against the Douglas County Jail Administrators, Medical Staff and Director of Nursing, and the Douglas County Board of County Commissioners. On March 27, 2020, the Court entered an Order (Doc. 4) denying Plaintiff's motion for leave to proceed in forma pauperis, finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court also examined the Complaint and attachments, and found no showing of imminent danger of serious physical injury. Plaintiff filed a motion for reconsideration (Doc. 6), which the Court denied on April 7, 2020. (Doc. 7.) The order directed Plaintiff to submit the $400.00 filing fee by April 23, 2020.

On April 9, 2020, Plaintiff filed a Notice of Interlocutory Appeal (Doc. 8) regarding the denial of his first motion for reconsideration, and another Motion for Reconsideration (Doc. 9). The Court entered an Order on April 10, 2020 (Doc. 10), denying the second motion for reconsideration and declining to certify Plaintiff's interlocutory appeal. The Order states that "[t]he Court warns Plaintiff that this matter is not automatically stayed by an interlocutory appeal. Thus, the time set by the Court for Plaintiff to pay the district court filing fee in full or suffer dismissal of this case i[s] unchanged." (Doc. 10, at 3.)

1

Plaintiff has failed to submit the filing fee by the April 23, 2020 deadline.  The Court's April 7, 2020 Order at Doc. 7 provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 7, at 2.)

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to submit the filing fee by the Court's deadline.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 3) and Motion to Supplement Complaint (Doc. 5) are **denied.**

**IT IS SO ORDERED**.

**Dated April 24, 2020, in Topeka, Kansas.**

s/ Sam A. Crow
SAM A. CROW
U. S. Senior District Judge
