## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

      **Plaintiff,**

      **v.**                            **CASE NO. 20-3091-SAC**

DOUGLAS COUNTY JAIL, et al.,

      **Defendants.**

### ORDER

This is a pro se civil rights case filed by Plaintiff, a detainee at the Douglas County Jail in Lawrence, Kansas.  On March 27, 2020, the Court entered an Order (Doc. 4) denying Plaintiff's motion for leave to proceed in forma pauperis, finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  The Court also examined the Complaint and attachments, and found no showing of imminent danger of serious physical injury.  Plaintiff filed a motion for reconsideration (Doc. 6), which the Court denied on April 7, 2020.  (Doc. 7.)  The order directed Plaintiff to submit the $400.00 filing fee by April 23, 2020.  On April 24, 2020, the Court dismissed this matter without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to pay the filing fee.  (Docs. 13, 14.)  Plaintiff appealed, and the Tenth Circuit Court of appeals dismissed the appeal for failure to prosecute.  (Doc. 16.)  This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment and Waiver of Docket Fee (Doc. 17) filed on September 14, 2020.

The Tenth Circuit's Order (Doc. 15) found that § 1915(g) applied to Plaintiff's appeal, and that Plaintiff had not convinced the Court that the statutory exception to the prepayment requirement should be invoked in this case.  Plaintiff's motion now asks this Court to revisit the issue and to grant him leave to proceed in forma pauperis.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was not filed within 28 days after the entry of the judgment, the Court will treat it as a motion under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

This action was dismissed for failure to pay the filing fee after the Court found no showing of imminent danger of serious physical injury. "To meet the only exception to the

prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted).  The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).

Plaintiff alleges that the Court should reconsider its previous decision so that he may proceed in forma pauperis to enable him to grieve serious medical issues.  Plaintiff attaches a newspaper article dated September 3, 2020, indicating that one inmate at the Douglas County Jail tested positive for COVID-19, while 220 other tests—99.5%—came back negative.  The article also indicates that two staff members tested positive on August 24, 2020.  (Doc. 17, at 2.) Plaintiff has failed to show that he was in imminent danger of serious physical injury when he filed his Complaint on March 25, 2020.  Plaintiff has failed to assert exceptional circumstances warranting relief under Rule 60(b).

**IT IS THEREFORE BY THE COURT ORDERED** that Plaintiff's Motion to Alter or Amend Judgment and Waiver of Docket Fee (Doc. 17) is **denied.**

**IT IS SO ORDERED**.

**Dated September 16, 2020, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **SAM A. CROW**
> **U. S. Senior District Judge**